THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, et al., <br><br>　　　　　　　　　　　Plaintiffs, <br><br>　v. <br><br>ANDREW WHEELER, et al., <br><br>　　　　　　　　　　　Defendants, <br><br>and <br><br>AMERICAN FOREST & PAPER ASSOCIATION; AMERICAN PETROLEUM INSTITUTE; EDISON ELECTRIC INSTITUTE; NATIONAL MINING ASSOCIATION, and the NATIONAL STONE, SAND, & GRAVEL ASSOCIATION; <br><br>　　　　　　　　　　　Applicant Intervenor-Defendants. | No. 2:20-cv-00950-JCC <br><br>**PROPOSED BUSINESS INTERVENORS' UNOPPOSED MOTION TO INTERVENE AS DEFENDANTS** <br><br><br>**NOTE ON MOTION CALENDAR:** <br>**August 21, 2020** |

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300   FAX 206.493.2310

Pursuant to Federal Rule of Civil Procedure 24(a), Proposed Intervenor-Defendants the American Forest & Paper Association; American Petroleum Institute; Edison Electric Institute; National Stone, Sand, and Gravel Association; and the National Mining Association (collectively, the "proposed Business Intervenors") respectfully move the Court for an order permitting them to intervene as-of right in the above-captioned matter as defendants. Alternatively, the proposed Business Intervenors move for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Counsel for the intervenors have consulted with counsel for the parties. Defendant agencies take no position on this motion. Plaintiffs take no position provided that proposed intervenors comply with all briefing schedules and refrain from raising new issues or duplicative briefing.

**INTRODUCTION**

Plaintiffs seek to reinstate an unlawful, repealed-and-replaced agency rulemaking by the Environmental Protection Agency and the U.S. Army Corps of Engineers (the "agencies") that defines Waters of the United States ("WOTUS") within the meaning of the Clean Water Act ("CWA"). Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule"). To reinstate the 2015 Rule, Plaintiffs ask the Court to vacate two subsequent final agency actions that repeal the 2015 Rule and promulgate a revised definition of WOTUS, respectively. *See* Definition of "Waters of the United States"–Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("Repeal Rule"); The Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("2020 Rule"). Even more, Plaintiffs ask the Court to re-write the 2015 Rule by reinstating it without a long-standing exclusion for waste treatment systems ("WTS").

Four of the proposed Business Intervenor trade groups have previously intervened before this Court to defend the WTS exclusion and advocate for a lawful definition of WOTUS. All of them represent parties directly regulated by this definition: hundreds of businesses that own or use land for a broad variety of business purposes including forestry and paper product

PROPOSED BUSINESS INTERVENORS' MOT. TO INTERVENE AS DEFENDANTS
2:20-CV-00950-JCC

1

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

manufacturing, mining of all types, oil and gas production and refining, and power generation, and which between them represent a substantial portion of the Nation's economic activity.

Conducting these businesses often requires determining if property includes waters of the United States subject to CWA jurisdiction and hence to CWA permitting requirements and the threat of criminal and civil liability if activity occurs in WOTUS without a permit. Many of the proposed Business Intervenors' members rely on the WTS exclusion to handle and treat wastewater during their operations. WTS are essential elements to many of their members' industrial projects and necessary to protect water quality adjacent to and downstream of the operation. Declaration of James A. Tupper ("Tupper Decl."), Ex. C at 1, 10.[1]

The 2020 Rule provides a clear definition of the WTS exclusion without changing its prior, well-established scope. And as to other aspects of CWA jurisdiction, it corrects years of regulatory uncertainty under which these parties previously operated by replacing the unclear and bloated standards of the 2015 Rule with bright lines. Because their members stand to be significantly harmed if Plaintiffs succeed in this suit to reinstate the 2015 Rule without its WTS exclusion, the Business Intervenors seek to intervene as Defendants. They are singularly situated to explain the harms that Plaintiffs' position would cause to American industry, and bring substantial experience regarding WOTUS jurisdiction.

The 2020 Rule culminates more than five years of multiple administrative rulemakings and varied litigation, in which the proposed Business Intervenors have participated at every step. The intervenors submitted comments on every proposed rule (including on the importance of the WTS exclusion).[2] They also litigated around the country for a lawful, reasonable standard since

---

[1] The intervenor organizations are further described at American Forest & Paper Association, (https://www.afandpa.org/); American Petroleum Institute, (https://www.api.org); Edison Electric Institute (https://www.eei.org/about/mission/Pages/default.aspx); National Mining Association, (https://nma.org); National Stone, Sand, & Gravel Association, (https://www.nssga.org) (all sites last visited July 23, 2020).

[2] For the Business Intervenors' comments on the 2020 rulemaking docket regarding the WTS exclusion, *see* Tupper Decl., Ex. A, at 9-15; Ex. B, at 53-55; Ex. C, at 9-17; Ex. D, at 9, 12-14; Ex. E, at 8-10. For the Business

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

2

Tupper Mack Wells PLLC
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

the Obama Administration issued the 2015 Rule. Most significantly here, four of them previously intervened before this Court as defendants and obtained dismissal on standing grounds of Plaintiffs' prior efforts to challenge the WTS exclusion—a claim that Plaintiffs attempt to revive here. *See* Order, *Puget Soundkeeper All. v. McCarthy*, No. 2:15-cv-1342 (W.D. Wash. Nov. 25, 2019) (Dkt. 103). The Proposed Business Intervenors also, among other things:[3]

- Challenged the jurisdiction of the U.S. Court of Appeals for the Sixth Circuit to hear consolidated petitions for review of the 2015 Rule, obtained certiorari from the Sixth Circuit's decision that it had jurisdiction, and then prevailed on the merits in the Supreme Court on their argument that those challenges (and now challenges to the 2020 Rule) belong in the first instance in district courts. *See Nat'l Ass'n of Mfrs. v. Dep't of Defense*, 138 S. Ct. 617 (2018).

- Filed suit in the U.S. District Court for the Southern District of Texas, arguing that the 2015 Rule was inconsistent with the text of the CWA because it covers a staggering amount of land that Congress never intended to reach and was procedurally defective under the Administrative Procedure Act. The District Court agreed that the 2015 Rule was procedurally defective and remanded the Rule to the agencies. *Texas v. EPA*, 389 F. Supp. 3d 497 (S.D. Tex. 2019).

- Intervened as plaintiffs in the Southern District of Georgia to challenge the lawfulness of the 2015 Rule, and obtained a ruling that the Rule was both substantively and procedurally defective and a remand of the Rule to the agencies. *Georgia v. Wheeler*, 418 F. Supp. 3d 1336 (S.D. Ga. 2019).

---

Intervenors' comments on the 2015 rulemaking docket, *see* Ex. F, at 8-9; Ex. G, at 25-26; Ex. H, at 20-22; Ex. I, at 19-21; Ex. J, at 41-43.

[3] Not every proposed Intervenor has been a party in each one of the cases described below, but each of the Business Intervenors has been involved in some of those cases, and most of the Business Intervenors have been involved in all of them as either a party or an *amicus*.

| PROPOSED BUSINESS INTERVENORS' MOT. TO INTERVENE AS DEFENDANTS 2:20-CV-00950-JCC | 3 | **Tupper Mack Wells PLLC** 2025 First Avenue Suite 1100 Seattle, Washington 98121 TEL 206.493.2300  FAX 206.493.2310 |
|---|---|---|

- Intervened as defendants in suits by States and environmental organizations in the Southern District of New York and District of South Carolina that challenged regulatory efforts to delay enforcement of the 2015 Rule. *See* 83 Fed. Reg. 5200 (Feb. 6, 2018) ("Applicability Date Rule"); *S.C. Coastal Cons. League* ("*SCCCL*") *v. Pruitt*, 2018 WL 2184395 (D.S.C. May 11, 2018); Order at 2, *New York v. Pruitt*, 2018 WL 1684341 (S.D.N.Y. Apr. 5, 2018); Order at 2, *Nat. Res. Def. Council v. EPA*, No. 1:18-cv-1048 (S.D.N.Y. Feb. 6, 2018) (Dkt. 48).
- Intervened to defend a 2019 Rule repealing the 2015 Rule. *See* 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("Repeal Rule"); Order, *SCCCL v. Wheeler*, No. 2:19-cv-3006 (D.S.C. Feb. 19, 2020) (Dkt. 33).
- Successfully intervened to defend the 2020 rule in South Carolina and Colorado, Order, *SCCCL v. Wheeler*, No. 2:20-cv-01687 (D.S.C. June 11, 2020) (Dkt. 29); Order, *Colorado v. EPA*, Case No. 1:20-cv-01461 (D. Colo. July 15, 2020) (Dkt. 69), and have intervention motions pending in *California v. Wheeler*, 3:20-cv-03005 (N.D. Cal. May 1, 2020) and *Environmental Integrity Project. v. Wheeler*, 1:20-cv-1734 (D.D.C. June 25, 2020).

In other words, the proposed Business Intervenors have been at the very heart of litigation over every WOTUS rule over the past five years. These prior cases are closely interconnected: each addresses the lawful scope of the agencies' authority under the CWA to regulate land and waters, and affects the ability of industry and private parties, like proposed Business Intervenors' members, to use their land without obtaining a CWA permit.

As this Court previously recognized in granting permissive intervention, "Proposed Intervenors have significant economic and litigation interests at stake," because reinstating the 2015 Rule "could lead to costly compliance with regulatory requirements and impact Proposed Intervenors' litigation of parallel proceedings in multiple jurisdictions." *Puget Soundkeeper All. v. Pruitt*, 2018 WL 3569862, at *2 (W.D. Wash. July 25, 2018). The same remains true—the

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

4

Tupper Mack Wells PLLC
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

lawsuit before this Court will determine under which regulatory regime the proposed Business Intervenors' members must operate. Plaintiffs' ultimate objective is to return to a definition of WOTUS that is disastrously broad for regulated entities. Accordingly, a ruling in favor of Plaintiffs would subject private parties like the proposed Business Intervenors' members to more burdensome regulatory requirements and inhibit their productive use and enjoyment of their lands. Any such holding regarding the lawful scope of the CWA will have direct bearing on each and every suit challenging a definition of WOTUS, including the challenge to the 2015 Rule still pending before this Court and the Southern District of Texas, the pending Repeal Rule suit in South Carolina, and the pending 2020 Rule suits in South Carolina, California, the District of Columbia, and Colorado, in which most Business Intervenors are intervenors.

The Court should grant Movants leave to intervene to protect their interests in this and other related litigation. The motion is timely; the proposed Business Intervenors, as owners or users of land for a variety of business purposes, have regulatory and economic interests in the agencies' action that will be impaired if they cannot defend it; and the agencies, as neutral regulatory bodies, cannot represent the interests of the regulated business community with the same perspective and vigor. As "interven[ors] in support of defendants in the trial court," the proposed Business Intervenors "d[o] not need to establish standing." *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950–51 (2019). But their interest in this suit is strong and direct. The Business Intervenors believe that their experience operating under the CWA and various regulatory regimes implementing it, and their close involvement in every stage of recent rulemaking and litigation, will be helpful to the Court in resolving this case. The motion to intervene accordingly should be granted.

## STATEMENT OF FACTS

The 2015 Rule purported to "clarify" the definition of WOTUS within the meaning of the CWA. 80 Fed. Reg. at 37,055. Because the agencies' regulatory jurisdiction extends to "waters of the United States" and no more, the definition of WOTUS establishes the scope of the

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

5

Tupper Mack Wells PLLC
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300   FAX 206.493.2310

agencies' regulatory jurisdiction under the CWA. The sweeping reach of the 2015 Rule stood to significantly impair business operations; thus, many of the proposed Business Intervenors (along with various coalitions of States) challenged the legality of the 2015 Rule through original suits and as intervenors in various forums.

As a result of these challenges, various courts issued regional preliminary injunctions guarding against application of the 2015 Rule in more than half of the States. *See* Order, *Am. Farm Bureau Fed'n v. EPA*, No. 3:15-cv-165 (S.D. Tex. Sept. 12, 2018) (Dkt. 87); *Georgia v. Pruitt*, 326 F. Supp. 3d 1356, 1364-65 (S.D. Ga. 2018); *North Dakota v. EPA*, 127 F. Supp. 3d 1047, 1060 (D.N.D. 2015). The Southern District of Texas and Southern District of Georgia both ultimately held that the 2015 Rule violated the procedural requirements of the APA. *Georgia v. Wheeler*, 418 F. Supp. 3d 1336 (S.D. Ga. 2019); *Texas v. EPA*, 389 F. Supp. 3d 497 (S.D. Tex. 2019). The Southern District of Georgia further held that the 2015 Rule is inconsistent with the CWA. *Georgia*, 418 F. Supp. 3d at 1381-82. Both of those courts remanded the Rule to the agencies in light of the ongoing administrative process to repeal and replace the 2015 Rule, keeping their previously issued preliminary injunctions in place. *Id.*; 389 F. Supp. 3d at 506.

While the litigation was ongoing, the agencies proposed to repeal and replace the 2015 Rule in a "comprehensive, two-step process." *See* 82 Fed. Reg. 34,899, 34,899 (July 27, 2017). The first step of this comprehensive process would "rescind" the 2015 Rule, restoring the status quo ante by regulation. *Id.* "In a second step," according to the agencies, the government would "conduct a substantive reevaluation of the definition of 'waters of the United States.'" *Id.* During the ongoing rulemaking, the 2015 Rule entered effect in the jurisdictions that did not issue preliminary injunctions to guard against it, and thus American businesses were forced to operate under a patchwork regulatory scheme.

The agencies published the final Repeal Rule in the Federal Register on October 22, 2019. 84 Fed. Reg. 56,626. The Repeal Rule was immediately subject to legal challenge by States and environmental groups in district courts across the United States, including in an action

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

6

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

before the District of South Carolina in which four of the proposed Business Intervenors intervened. Compl., *SCCL v. Wheeler*, No. 2:19-cv-3006 (D.S.C. Oct. 23, 2019) (Dkt. 1).[4]

The agencies published the final 2020 Rule on April 21, 2020. Plaintiffs filed this Complaint on June 22, 2020 (Dkt. 1). To protect against the serious harms that reinstatement of the 2015 Rule would cause to their members' livelihoods, productive use of their land, and ability to conduct business, as well as the impact that any adverse ruling would cause to the Business Intervenors' pending WOTUS cases and ability to litigate for a lawful definition of WOTUS, the Business Intervenors filed the present motion to intervene.[5]

## ARGUMENT

### A.   Proposed Business Intervenors Are Entitled to Intervene as of Right.

A district court must grant leave to intervene, upon timely application, when (1) the applicant claims a "significantly protectable interest relating to the property or transaction which is the subject of the action," (2) the applicant is "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest" and (3) the applicant's interest is "inadequately represented by the parties to the action." *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993), *abrogated on other grounds by Wilderness Soc. v. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). The Ninth Circuit follows "practical and equitable considerations and construe[s] the Rule broadly in favor of proposed intervenors . . . because [a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Wilderness Soc.*, 630 F.3d at 1179 (quotations omitted) (second alteration in original).

---

[4] Additional challenges to the Repeal Rule include: Compl., *Chesapeake Bay Found., Inc. v. Wheeler*, 1:20-cv-1064 (D. Md. Apr. 27, 2020) (Dkt. 1); Compl., *New York v. Wheeler*, No. 1:19-cv-11673 (S.D.N.Y. Dec. 20, 2019) (Dkt. 1); Supp. Am. Compl., *Washington Cattlemen's Ass'n v. EPA,* No. 2:19-cv-00569 (W.D. Wash. Dec. 20, 2019) (Dkt. 60); Compl., *Murray v. Wheeler*, No. 1:19-cv-01498 (N.D.N.Y. Dec. 4, 2019) (Dkt. 1*); Compl., New Mexico Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-988 (D.N.M. Oct. 22, 2019) (Dkt. 1); Supp. Compl., *Pierce v. EPA*, No. 0:19-cv-2193 (D. Minn. Oct. 22, 2019) (Dkt. 12).

[5] Four of the Business Intervenors intervened in other proceedings challenging the 2020 Rule. *Supra*, p. 4.

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

7

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

The proposed Business Intervenors meet all four requirements for intervention as Defendants as of right under Rule 24(a).

### 1. Intervention is Timely

In assessing timeliness, courts consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (quoting *County of Orange v. Air California*, 799 F.2d. 535, 537 (9th Cir. 1986)). Under any reasonable application of these criteria, the proposed Business Intervenors' motion is timely. First, the litigation is "in its infancy": EPA has not filed its answer, and no discovery or dispositive motion practice has occurred. Second, intervention at this early stage would not prejudice any party. Intervention will result in no delay in the pleadings or disposition of the case. The proposed Business Intervenors submit a proposed Answer with this motion and will file and respond to motions for summary judgment or other disposition of the case on the same schedule as the agencies. Finally, there has been no improper delay. Plaintiffs' Complaint was filed on June 22, 2020. Dkt. 1. The proposed Business Intervenors file this motion less than six weeks later. Under all three criteria, the Business Intervenor's motion is timely. *See, e.g.*, *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motion to intervene timely where filed "less than three months after the complaint was filed and less than two weeks after the [government defendant] filed its answer to the complaint"); *Sierra Club*, 995 F.2d at 1481 (upholding district court timeliness finding when motion to intervene filed before government defendant filed its answer).

### 2. The Proposed Business Intervenors Have a Legally Protectable Interest that May be Impaired By This Litigation

The proposed Business Intervenors possess a sufficient, legally protectable interest in the challenge to the agencies' final actions in this case. To determine whether an intervenor demonstrates a significantly protectable interest, courts consider whether "the interest is protectable under some law" and "there is a relationship between the legally protected interest and the claims

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

8

Tupper Mack Wells PLLC
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

at issue." *Wilderness Soc.*, 630 F.3d at 1179 (quotations omitted). A movant "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). The proposed Business Intervenors have a protectable interest that may be impaired in this litigation for at least two reasons. First, the governing definition of WOTUS, the issue directly at stake in this litigation, dictates the regulatory scheme under which their members must operate. An unfavorable ruling would heighten their regulatory burdens and thrust them back into the regulatory chaos that the 2020 Rule intends to correct. Second, the outcome of litigation may adversely impact their ability to protect their members' interests in related litigation.

      a. The proposed Business Intervenors possess a significant, legally protected interest in defending the 2020 Rule. The Ninth Circuit has recognized that parties directly regulated by the CWA have a legally protected interest in suits that would "affect the[ir] use of real property." *Sierra Club*, 995 F.2d at 1483.[6] That is the case here. The outcome of this litigation will directly affect the interests of proposed Business Intervenors' members in their property. The proposed Business Intervenors and their members own and/or operate on real property and must comply with the CWA's prohibition against unauthorized "discharges" into any areas that are deemed jurisdictional. The CWA subjects them to criminal penalties and civil suits for failure to comply. If, as Plaintiffs request, this Court reinstates a broaden version of the 2015 Rule, the Business Intervenors' members will be subjected to heightened regulatory burdens. Each would be required to comply with a broader definition of WOTUS and the CWA's prohibition against

---

[6] Many courts have agreed, holding that regulated parties have a sufficient interest to intervene where the disposition of the lawsuit would impose costs on and interfere with their business activities. *See, e.g.*, *Nat'l Parks Conservation Ass'n v. EPA*, 759 F.3d 969, 976 (8th Cir. 2014); *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995–96 (10th Cir. 2009); *Sierra Club v. Glickman*, 82 F.3d 106, 109 (5th Cir. 1996) (per curiam); *see also* 7 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1908.1 (3d ed. 2020) ("in cases challenging various statutory schemes" as "improperly interpreted and applied, the courts have recognized that the interests of those who are governed by those schemes are sufficient to support intervention").

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

9

Tupper Mack Wells PLLC
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300 FAX 206.493.2310

1  unauthorized "discharges," and lose the ability to rely on the WTS exclusion. Further, depending
2  on the outcome of the litigation, many members may be required to obtain costly permits.
3      Additionally, a holding in Plaintiffs' favor would also deprive regulated parties, including
4  the proposed Business Intervenors' members, of much needed clarity and predictability. Since
5  promulgation of the legally-suspect 2015 Rule, regulated parties have been subjected to a flip-
6  flopping and patchwork regulatory scheme. *See supra*, pp. 3-4. The 2020 Rule is the long-
7  awaited conclusion of the agencies' efforts to "establish categorical bright lines that provide
8  clarity and predictability for regulators and the regulated community" (85 Fed. Reg. at 22,325),
9  as well as resolve the legal deficiencies of the 2015 Rule (*id.* at 22,272). A declaration that the
10 2020 Rule, the 2019 Rule, or both, are unlawful would deprive the proposed Business
11 Intervenors of those intended benefits and instead thrust the regulatory scheme back into the
12 chaos that has prevailed since the promulgation of the illegal 2015 Rule.
13      b.  The outcome of this lawsuit may also impede proposed Business Intervenors'
14 significant interests in parallel litigation in which they participate to defend the 2020 and Repeal
15 Rules, challenge the 2015 Rule, and defend the WTS exclusion. *See supra*, pp. 3-4.  A final
16 judgment here will bear directly on the issues involved in that litigation. The scope of any final
17 judgment in this Court may further complicate the regulatory landscape in ways relevant to the
18 relief being considered in Repeal Rule suits. The outcome here could also conflict with decisions
19 in other challenges to the 2020 Rule in district courts in Colorado and South Carolina, in which
20 the Business Intervenors have intervened. And any restoration of the 2015 Rule would also affect
21 the Business Intervenors' suits involving that Rule in courts around the country, which either
22 remain open or may need to be revived under Federal Rule of Civil Procedure 60(b). Intervention
23 is warranted where a case would have an impact on parallel litigation to which intervenors are a
24 party. *See, e.g.*, *Feller v. Brock*, 802 F.2d 722, 730 (4th Cir. 1986) ("an interest in preventing
25 conflicting orders may be sufficient for intervention as of right"); *see also Chiles v. Thornburgh*,
26 865 F.2d 1197, 1214 (11th Cir. 1989) ("the potential *stare decisis* effect" of a decision in one

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

10

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

case on another "may supply that practical disadvantage which warrants intervention as of right"); *Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265-66 (2d Cir. 1984) ("[T]here is a significant likelihood that the ultimate resolution of this litigation will lead to . . . conclusions of law on issues of first impression, or mixed findings of fact and law, . . . which would control any subsequent lawsuit by the intervenors").

### 3. The Agency Defendants Do Not Adequately Represent the Business Intervenors' Interests

The proposed Business Intervenors cannot rely on the agencies to represent their interests. A proposed intervenor's burden of showing inadequate representation is "minimal: it is sufficient to show that representation *may* be inadequate." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498-99 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc.*, 630 F.3d 1173 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). To determine adequacy of representation, courts consider "whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Id.*

Although courts apply a presumption of adequacy when a proposed intervenor shares the same ultimate objective as an existing party, the parties here possess "distinctly different" interests. *Lockyer*, 450 F.3d at 444. Certainly, the agencies' interests in the management of natural and economic resources is not the same as the proposed Business Intervenors' interests in using, harvesting, or extracting those resources. The interest of private business is just one among many varied and often competing constituencies represented by the agencies, which bear statutory obligations on behalf of the "general public." *Forest Conservation Council*, 66 F.3d at 1499 (internal quotations omitted). That is enough to satisfy the proposed Business Intervenors' obligation to demonstrate inadequate representation. Courts in the Ninth Circuit have routinely recognized that a governmental regulator with a primary interest in the management of a resource has interests different from those of a regulated entity. *See, e.g.*, *Sierra Club v.*

MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

11

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310

1  *McLerran*, 2012 WL 12846108, at *2 (W.D. Wash. 2012) ( "the County's interest as a
2  governmental entity may cause it to take positions inconsistent with those of a purely private
3  entity").
4        In addition, as this Court previously found, "Proposed Intervenors could be adverse to the
5  Agencies in future litigation over the 2015 Rule, which could lead to divergent strategies or
6  interests in this proceeding." *Puget Soundkeeper Alliance v. Pruitt*, 2018 WL 3569862, at *2. A
7  change in Administration could undermine the agencies' resolve to defend the 2020 Rule—
8  exactly what happened in litigation regarding the 2015 Rule before district courts in Georgia and
9  Texas. In both cases, the agencies ultimately took no position regarding the merits of the 2015
10 Rule because of ongoing rule-making, such that only intervenor-environmental parties briefed
11 those issues on summary judgment. *See Texas v. EPA*, No. 3:15-cv-162 (S.D. Tex. Nov. 8, 2018)
12 (Dkt. 170); *Georgia v. Wheeler*, No. 2:15-cv-0079 (S.D. Ga. Oct. 10, 2018) (Dkt. 215). The
13 Business Intervenors also believe that their experience in the prior litigation and rulemaking, and
14 their different outlook from the agencies as regulated parties, will assist the Court.

15     **B.    Alternatively, the Proposed Business Intervenors Should Be Allowed to Intervene Permissively.**

16       Rule 24(b) provides that a court may allow a party to intervene if it "has a claim or
17 defense that shares with the main action a common question of law or fact" and intervention will
18 not cause undue delay or prejudice. Fed. R. Civ. P. 24(b). "The standard for permissive
19 intervention is a low one." *McLerran*, 2012 WL 12846108, at *1. It cannot be disputed that the
20 defenses the proposed Business Intervenors seek to bring will involve common questions of law
21 and fact regarding the agencies' obligations under the CWA and the APA. Permitting the
22 Business Intervenors to intervene would also allow them to vindicate their substantial interests
23 and, given their prompt action, would neither delay this case nor prejudice any of the parties.

24                                    **CONCLUSION**

25       For the foregoing reasons, the proposed Business Intervenors respectfully request that the
26 Court grant the motion to intervene.

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

12

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300   FAX 206.493.2310

Case 2:20-cv-00950-JCC   Document 8   Filed 07/31/20   Page 14 of 14

Dated this 31st day of July, 2020.

TUPPER MACK WELLS PLLC

/s/ James A. Tupper, Jr.
James A. Tupper, Jr., WSBA No. 16873
2025 First Avenue, Suite 1100
Seattle, WA 98121
(206) 493-2300
tupper@tmw-law.com

/s/ Lynne M. Cohee
Lynne M. Cohee, WSBA No. 18496
2025 First Avenue, Suite 1100
Seattle, WA 98121
(206) 493-2300
cohee@tmw-law.com

MAYER BROWN LLP

Timothy S. Bishop*
Colleen M. Campbell*
1999 K Street NW
Washington, DC  20006
(202) 263-3000
tbishop@mayerbrown.com
ccampbell@mayerbrown.com

Brett E. Legner*
71 S. Wacker Drive
Chicago, IL 60606
Telephone:  (312) 701 7829
Facsimile:  (312) 706 8607
blegner@mayerbrown.com

*Attorneys for Proposed Intervenors-Defendants*
*Pro hac vice motions pending

PROPOSED BUSINESS INTERVENORS'
MOT. TO INTERVENE AS
DEFENDANTS
2:20-CV-00950-JCC

**Tupper Mack Wells PLLC**
2025 First Avenue
Suite 1100
Seattle, Washington 98121
TEL 206.493.2300  FAX 206.493.2310