THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, SIERRA CLUB, IDAHO CONSERVATION LEAGUE, and MI FAMILIA VOTA,<br>                    Plaintiffs,<br>v.<br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency, UNITED STATES ARMY CORPS OF ENGINEERS, and R.D. JAMES, in his official capacity as Assistant Secretary of the Army for Civil Works,<br>                    Defendants. | No. 2:20-cv-00950-JCC<br><br>**PATAGONIA WORKS' MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF**<br><br>**NOTE ON MOTION CALENDAR: THURSDAY, AUGUST 20, 2020** |

## I.  RELIEF REQUESTED

Pursuant to LCR 7(f), prospective intervenor Patagonia Works ("Patagonia") seeks leave of the Court to file an overlength brief in support of its Motion to Intervene.

## II.  STATEMENT OF FACTS

At issue in this action is the jurisdictional scope of the Clean Water Act, Public Law 92-500 (1972).  Administrative and judicial interpretations of the "navigable waters" to which the Act applies have changed since the passage of the Act in 1972, most recently in June 2020 with the enactment of the Navigable Waters Protection Rule.  That Rule severely narrows the definition of "navigable waters."

On June 22, 2020, Plaintiffs Puget Soundkeeper Alliance, Sierra Club, Idaho Conservation League, and Mi Familia Vota filed their Complaint challenging the Navigable Waters Protection Rule.  Docket 1.  By moving to intervene pursuant to Federal Rule of Civil Procedure 24, Patagonia seeks to join Plaintiffs in that challenge.  LCR 7(e)(4) imposes a 12-page limit on briefs in support of or opposing such motions.

## III.  ARGUMENT AND AUTHORITY

Whether Patagonia has the right to intervene in this action depends first on its ability to establish that it holds legally protected interests.  Patagonia asserts three separate interests in the outcome of this case: (1) the interest it shares with the public in the protecting the integrity of wild, natural landscapes, including riverine and riparian ecosystems; (2) its interest in the health and sustainability of rural communities and economies; and (3) its private business and financial interest.  In addition to describing these interests and offering sufficient evidence that it holds them, Patagonia must explain why they are likely to be impaired by an unfavorable ruling and why no existing party to this action can adequately represent them.

Evidence to establish these elements would include information regarding Patagonia's mission, including the conservation goals enshrined in its Articles of Incorporation; its history of financial support, grassroots mobilization, and direct advocacy for wild, natural landscapes,

particularly rivers and other freshwater aquatic ecosystems; its history of support and advocacy for rural economies and communities; and information regarding Company products whose retail appeal depends on the ecological integrity of habitats the Clean Water Act was passed to protect. In addition, these facts must be considered in the context of the judicial and regulatory history of the Clean Water Act, which Patagonia will be required to summarize in its Motion.  Patagonia respectfully submits that a 12-page brief would not afford it a reasonable opportunity to make these required showings.  As such, Patagonia seeks leave of the Court to allow it to file an 18-page brief.

## VI.  CONCLUSION

For the forgoing reasons, the Court should grant Patagonia leave to file an 18-page brief in support of its Motion to Intervene.

RESPECTFULLY SUBMITTED this 20th day of August, 2020.

        CASCADIA LAW GROUP PLLC

By    s/ Stephen J. Tan
      Stephen J. Tan, WSBA No. 22756
      Meghan E. Gavin, WSBA No. 50124
      Cascadia Law Group PLLC
      1201 Third Avenue, Suite 320
      Seattle, WA 98101
      Telephone:  (206) 292-6300
      Facsimile:  (206) 292-6301
      Email:  stan@cascadialaw.com;
          mgavin@cascadialaw.com

      Robert D. Tadlock, Admission *pro hac vice* Pending
      Avi S. Garbow, Admission *pro hac vice* Pending
      Patagonia, Inc.
      259 W. Santa Clara Street
      Ventura, CA 93001
      Telephone:  (800) 638-6464
      Email:  Robert.Tadlock@patagonia.com;
          Avi.Garbow@patagonia.com

Attorneys for Plaintiff-Intervenor
Patagonia Works

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2020, the foregoing was electronically filed with the Clerk of the Court using the Court's electronic filing system, which will send notification of said filing to the attorneys of record that have, as required, registered with the Court's system.

DATED this 20th day of August, 2020 at Seattle, Washington.

>By   s/ Stephen J. Tan
>Stephen J. Tan, WSBA No. 22756
>Cascadia Law Group PLLC
>1201 Third Avenue, Suite 320
>Seattle, WA 98101
>Email:  stan@cascadialaw.com