THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE *et al.*, | CASE NO. C20-0950-JCC |
| Plaintiffs, | ORDER |
| v. | |
| ANDREW WHEELER *et al.*, | |
| Defendants. | |

This matter comes before the Court on the proposed Intervenor-Defendants' unopposed motion to intervene as Defendants in this action (Dkt. No. 8). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.  BACKGROUND**

Plaintiffs are nonprofit organizations dedicated to protecting natural resources and public health. (*See* Dkt. No. 1 at 3–5.) Plaintiffs ask the Court to vacate and set aside "Definition of Waters of the U.S.: Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (October 22, 2019) (the "Repeal Rule"), and "The Navigable Waters Protection Rule: Definition of Waters of the United States," 85 Fed. Reg. 22,250 (April 21, 2020) (the "Navigable Waters Rule"), two final rules promulgated by Defendants United States Environmental Protection Agency and United States Army Corps of Engineers (collectively, the "Agencies"). (*See id.* at 2–3.) Plaintiffs

further ask the Court to reinstate the "2015 'Clean Water Rule' which defined the term 'waters of the United States' in the Clean Water Act." (*Id.* at 2–3.)

The proposed Intervenor-Defendants the American Forest & Paper Association; American Petroleum Institute; Edison Electric Institute; National Stone, Sand, and Gravel Association; and the National Mining Association now move for permission to intervene in this action pursuant to Federal Rule of Civil Procedure 24. (*See generally* Dkt. No. 8.) The Agencies "take no position" on the motion and "Plaintiffs take no position provided that proposed intervenors comply with all briefing schedules and refrain from raising new issues or duplicative briefing." (*Id.* at 2.)

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 24 "traditionally receives liberal construction in favor of applicants for intervention," *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), and provides two methods for intervention: intervention as a matter of right and permissive intervention. Absent a statutory right to intervene, a party seeking to intervene as a matter of right must: (1) timely move to intervene; (2) have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) not be adequately represented by existing parties. *See* Fed. R. Civ. P. 24(a)(2); *Arakaki*, 324 F.3d at 1083. Alternatively, a court may, in its discretion, grant permissive intervention where the applicant "has a claim or defense that shares with the main action a common question of law or fact" and where intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3); *see Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (setting forth factors a court may consider when evaluating whether permissive intervention is appropriate).

//

### B. Motion to Intervene

The proposed Intervenor-Defendants' request to intervene is timely. The parties have yet to engage in discovery or substantive motions practice, which minimizes the possibility of prejudice to any party, and there is no indication that the proposed Intervenor-Defendants improperly delayed their request to intervene. *See United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992); (Dkt. No. 8 at 9). And the proposed Intervenor-Defendants have a significant, legally protected interest that is implicated by Plaintiffs' challenges to the Repeal Rule and the Navigable Waters Rule because the proposed Intervenor-Defendants are regulated by the Clean Water Act. *See Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006); *Sierra Club v. EPA*, 995 F.2d 1478, 1483 (9th Cir. 1993); (Dkt. No. 8 at 9–11). Furthermore, the proposed Intervenor-Defendants' ability to protect that interest may be impaired or impeded by the disposition of this action. (*See* Dkt. No. 8 at 11–12.) Finally, the proposed Intervenor-Defendants' interests may not be adequately represented by the existing parties, as the Agencies represent the public's interest in managing natural and economic resources and the proposed Intervenor-Defendants seek to use those resources. *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498–99 (9th Cir. 1995); *Lockyer*, 450 F.3d at 444; (Dkt. No. 8 at 12–13). Therefore, the Court finds that that the proposed Intervenor-Defendants may intervene in this case as a matter of right. *See* Fed. R. Civ. P. 24(a)(2); *Arakaki*, 324 F.3d at 1083.

### III. CONCLUSION

For the foregoing reasons, Intervenor-Defendants' motion to intervene (Dkt. No. 8) is GRANTED. Intervenor-Defendants must file their answer within seven days of the date this order is issued and must comply with all other case management dates.

//

//

//

1    DATED this 28th day of August 2020.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-0950-JCC
PAGE - 4