The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, IDAHO CONSERVATION LEAGUE, SIERRA CLUB, and MI FAMILIA VOTA, <br><br>Plaintiff, <br><br>v. <br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br>Defendants, <br><br>and, <br><br>AMERICAN FOREST & PAPER ASSOCIATION, AMERICAN PETROLEUM INSTITUTE, EDISON ELECTRIC INSTITUTE, and NATIONAL MINING ASSOCIATION, NATIONAL STONE, SAND, & GRAVEL ASSOCIATION, <br><br>Intervenor-Defendants. | No. 2:20-CV-950-JCC <br><br>DEFENDANTS' ANSWER TO COMPLAINT <br><br>COMPLAINT FILED: JUNE 22, 2020 |

Answer to Complaint
2:20-CV-0950-JCC

i

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

Pursuant to Federal Rule of Civil Procedure 8, Defendants the United States Environmental Protection Agency ("EPA"); Andrew Wheeler, in his official capacity as Administrator of the EPA; the Department of the Army, U.S. Army Corps of Engineers ("Corps"); and R.D. James, in his official capacity as Assistant Secretary of the Army for Civil Works (collectively "Federal Defendants"), answer the Complaint (ECF No. 1) filed by plaintiffs Puget Soundkeeper Alliance, Idaho Conservation League, Sierra Club, and Mi Familia Vota (collectively "Plaintiffs") in the above-captioned case. The headings and subheadings within the Complaint do not contain allegations that require a response. To the extent a response is required, the allegations contained in the headings and subheadings are denied.

1. The allegations in Paragraph 1 contain legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Act, Federal Defendants deny them.

2. The allegations in Paragraph 2 contain statements of opinion and legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Act, Federal Defendants deny them.

3. Federal Defendants admit that EPA and the Corps (collectively, the "Agencies") jointly issued two final rules, "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule") and the "Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("2020 Rule"), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or the 2020 Rule, Federal Defendants deny them.

4. The allegations in Paragraph 4 contain legal conclusions to which no response is required and characterize the Clean Water Act and the 2020 Rule, which speak for themselves

Answer to Complaint
2:20-CV-0950-JCC

1

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

and are the best evidence of their contents. To the extent the allegations are inconsistent with the Act or the 2020 Rule, Federal Defendants deny them.

5. The allegations in Paragraph 5 contain statements of opinion and legal conclusions to which no response is required and characterize the 2019 Rule and the 2020 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or the 2020 Rule, Federal Defendants deny them.

6. The allegations in Paragraph 6 characterize Plaintiff's requests for relief contained in the Complaint, to which no response is required.

7. The allegations in Paragraph 7 contain statements of opinion to which no response is required, and characterize plaintiff Puget Soundkeeper Alliance and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

8. The allegations in Paragraph 8 contain statements of opinion and legal conclusions to which no response is required, and characterize plaintiff Sierra Club and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

9. The allegations in Paragraph 9 contain statements of opinion to which no response is required, and characterize plaintiff Idaho Conservation League and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

10. The allegations in Paragraph 10 contain statements of opinion and legal conclusions, to which no response is required, and characterize plaintiff Mi Familia Votas and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

11. Federal Defendants admit that EPA is a federal agency of the United States and that EPA administers provisions of the Clean Water Act. Federal Defendants admit that the Agencies jointly issued the 2019 Rule and the 2020 Rule.

12. Federal Defendants admit that the Corps is a federal agency of the United States and aver that the Corps is a direct reporting unit within the Department of the Army within the Department of Defense. Federal Defendants admit that the Corps administers certain provisions

Answer to Complaint
2:20-CV-0950-JCC

2

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

of the Clean Water Act. Federal Defendants admit that the Agencies jointly issued the 2019 Rule and 2020 Rule.

13. The allegations in Paragraph 13 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2019 Rule and the 2020 Rule, which speak for themselves, and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or the 2020 Rule, Federal Defendants deny them. The allegations also characterize Plaintiffs and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

14. The allegations in Paragraph 14 are vague and contain statements of opinion and legal conclusions to which no response is required, and characterize the 2019 Rule and the 2020 Rule, which speak for themselves, and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or the 2020 Rule, Federal Defendants deny them. The allegations also characterize Plaintiffs and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

15. The allegations in Paragraph 15 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2019 Rule and the 2020 Rule, which speak for themselves, and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Rule or the 2020 Rule, Federal Defendants deny them. The allegations also characterize plaintiff Idaho Conservation League, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

16. The allegations in Paragraph 16 are legal conclusions to which no response is required.

17. The allegations in Paragraph 17 are legal conclusions to which no response is required.

18. The allegations in Paragraph 18 contain legal conclusions to which no response is required, and characterize plaintiff Puget Soundkeeper Alliance, and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

Answer to Complaint
2:20-CV-0950-JCC

3

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

19. The allegations in Paragraph 19 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

20. The allegations in Paragraph 20 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

21. The allegations in Paragraph 21 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

22. The allegations in Paragraph 22 contain statements of opinion to which no response is required, and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

23. The allegations in Paragraph 23 contain statements of opinion to which no response is required, and characterize legislative history reports, which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the reports, Federal Defendants deny them.

24. The allegations in Paragraph 24 contain statements of opinion to which no response is required, and characterize legislative history reports, which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the reports, Federal Defendants deny them.

25. The allegations in Paragraph 25 are statements of opinion and legal conclusions to which no response is required.

26. The allegations in Paragraph 26 contain legal conclusions to which no response is required and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Act, Federal Defendants deny them.

Answer to Complaint
2:20-CV-0950-JCC

4

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

27. The allegations in Paragraph 27 contain legal conclusions to which no response is required, and characterize *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 531 U.S. 159 (2001) ("SWANCC") and *Rapanos v. United States*, 547 U.S. 715 (2006), referred herein as "*Rapanos*," which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the decisions, Federal Defendants deny them.

28. The allegations in Paragraph 28 contain legal conclusions to which no response is required, and characterize *Rapanos*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with *Rapanos*, Federal Defendants deny them.

29. The allegations in Paragraph 29 contain legal conclusions to which no response is required, and characterize unidentified federal court decisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the decisions, Federal Defendants deny them.

30. The allegations in Paragraph 30 are legal conclusions to which no response is required.

31. The allegations in Paragraph 31 are legal conclusions to which no response is required.

32. Federal Defendants admit the allegations in Paragraph 32.

33. The allegations in Paragraph 33 characterize a proposed rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

34. The allegations in Paragraph 34 characterize a report entitled "Connectivity of Streams and Wetlands to Downstream Waters: A Review and Synthesis of the Scientific Evidence," referred to herein as the "Connectivity Report," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Connectivity Report, Federal Defendants deny them.

Answer to Complaint
2:20-CV-0950-JCC

5

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

35. The allegations in Paragraph 35 characterize the Connectivity Report and a proposed rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Report or the proposed rule, Federal Defendants deny them.

36. The allegations in Paragraph 36 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Report, Federal Defendants deny them.

37. The allegations in Paragraph 37 characterize a 2015 Science Advisory Board (SAB) document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the document, Federal Defendants deny them.

38. The allegations in Paragraph 38 characterize a proposed rule and a final rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the rules, Federal Defendants deny them.

39. Federal Defendants admit that the Agencies jointly issued the "Clean Water Rule: Definition of 'Waters of the United States,'" 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

40. The allegations in Paragraph 40 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

41. The allegations in Paragraph 41 contain legal conclusions to which no response is required and characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Report, Federal Defendants deny them.

42. The allegations in Paragraph 42 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

Answer to Complaint
2:20-CV-0950-JCC

6

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

43. The allegations in Paragraph 43 characterize the Connectivity Report and the 2015 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Report or the 2015 Rule, Federal Defendants deny them.

44. The allegations in Paragraph 44 characterize the Connectivity Report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Report, Federal Defendants deny them.

45. The allegations in Paragraph 45 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2025 Rule, Federal Defendants deny them.

46. The allegations in Paragraph 46 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2025 Rule, Federal Defendants deny them.

47. The allegations in Paragraph 47 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2025 Rule, Federal Defendants deny them.

48. Federal Defendants admit that EPA issued "Consolidated Permit Regulations: RCRA Hazardous Waste; SDWA Underground Injection Control; CWA National Pollutant Discharge Elimination System; CWA Section 404 Dredge or Fill Programs; and CAA Prevention of Significant Deterioration," 45 Fed. Reg. 33290 (May 19, 1980), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the rule, Federal Defendants deny them.

49. Federal Defendants admit that EPA issued "Consolidated Permit Regulations," 45 Fed. Reg. 48620 (July 21, 1980), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the rule, Federal Defendants deny them.

50. The allegations in Paragraph 50 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

Answer to Complaint
2:20-CV-0950-JCC

7

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

51. The allegations in Paragraph 51 characterize Executive Order 13,778, 82 Fed. Reg. 12497 (Feb. 28, 2017), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order, Federal Defendants deny them.

52. Federal Defendants admit that the Agencies jointly issued a proposed rule, "Definition of "Waters of the United States"—Recodification of Pre-Existing Rules," 82 Fed. Reg. 34899 (July 27, 2017), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the proposed rule, Federal Defendants deny them.

53. Federal Defendants admit that the Agencies jointly issued a final rule, "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules," 84 Fed. Reg. 56,626 (Oct. 22, 2019), referred to herein as the "2019 Rule," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

54. Federal Defendants admit the allegations in Paragraph 54.

55. The allegations in Paragraph 55 contain legal conclusions and statements of opinion to which no response is required, and characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

56. The allegations in Paragraph 56 contain legal conclusions and statements of opinion to which no response is required, and characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

57. Federal Defendants admit the allegations in Paragraph 57.

58. The allegations in Paragraph 58 are statements of opinion and legal conclusions to which no response is required.

59. Federal Defendants admit that the Agencies jointly issued "Navigable Waters Protection Rule: Definition of 'Waters of the United States,'" 85 Fed. Reg. 22,250 (Apr. 21, 2020), referred to herein as the "2020 Rule," with an effective date of June 22, 2020.

Answer to Complaint
2:20-CV-0950-JCC

8

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

60. The allegations in Paragraph 60 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

61. The allegations in Paragraph 61 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

62. The allegations in Paragraph 62 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

63. The allegations in Paragraph 63 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

64. The allegations in Paragraph 64 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

65. The allegations in Paragraph 65 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

66. The allegations in Paragraph 66 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

Answer to Complaint
2:20-CV-0950-JCC

9

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

67. The allegations in Paragraph 67 characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

68. The allegations in Paragraph 68 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

69. The allegations in Paragraph 69 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

70. The allegations in Paragraph 70 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

71. The allegations in Paragraph 71 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

72. The allegations in Paragraph 72 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule and *Rapanos*, which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule or *Rapanos*, Federal Defendants deny them.

73. The allegations in Paragraph 73 contain statements of opinion and legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

Answer to Complaint
2:20-CV-0950-JCC

10

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

74. The allegations in Paragraph 74 are statements of opinion and legal conclusions to which no response is required.

75. Federal Defendants admit that the 2020 Rule was issued on Jan. 23, 2020 and aver that the 2020 Rule was published on Apr. 21, 2020.

76. The allegations in Paragraph 76 characterize the 2020 Rule and a draft document that states "Draft Commentary (10/16/19) – Do Not Cite or Quote. This draft has not been reviewed or approved by the chartered SAB and does not represent EPA policy", which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

77. Federal Defendants admit that the SAB provided "Commentary on the Proposed Rule Defining the Scope of Waters Federally Regulated Under the Clean Water Act," EPA, Office of the Administrator Science Advisory Board (Feb. 27, 2020) ("SAB Commentary"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Commentary, Federal Defendants deny them.

78. The allegations in Paragraph 78 characterize the SAB Commentary, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Commentary, Federal Defendants deny them.

79. The allegations in Paragraph 79 characterize the SAB Commentary, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Commentary, Federal Defendants deny them.

80. The allegations in Paragraph 80 are statements of opinion and legal conclusions to which no response is required.

81. The allegations in Paragraph 81 are legal conclusions to which no response is required.

82. The allegations in Paragraph 82 characterize the Administrative Procedures Act ("APA") which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Act, Federal Defendants deny them.

Answer to Complaint
2:20-CV-0950-JCC

11

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

83. Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 82 herein.

84. The allegations in Paragraph 84 contain statements of opinion and legal conclusions to which no response is required, and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Act, Federal Defendants deny them.

85. The allegations in Paragraph 85 are legal conclusions to which no response is required.

86. The allegations in Paragraph 86 are legal conclusions to which no response is required.

87. The allegations in Paragraph 87 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

88. Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 87 herein.

89. The allegations in Paragraph 89 are statements of opinion and legal conclusions to which no response is required.

90. The allegations in Paragraph 90 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2020 Rule and the SAB Commentary, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule or the SAB Commentary, Federal Defendants deny them.

91. The allegations in Paragraph 91 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2020 Rule and the 2015 Rule, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2020 Rule or the 2015 Rule, Federal Defendants deny them.

Answer to Complaint
2:20-CV-0950-JCC

12

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

92. The allegations in Paragraph 92 are statements of opinion and legal conclusions to which no response is required.

93. The allegations in Paragraph 93 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

94. The allegations in Paragraph 94 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

95. The allegations in Paragraph 95 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

96. The allegations in Paragraph 96 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

97. Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 96 herein.

98. The allegations in Paragraph 98 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

99. The allegations in Paragraph 99 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its

Answer to Complaint
2:20-CV-0950-JCC

13

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

100. The allegations in Paragraph 100 contain legal conclusions to which no response is required and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

101. Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 100 herein.

102. The allegations in Paragraph 102 contain statements of opinion and legal conclusions to which no response is required, and purport to characterize a 1980 regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, Federal Defendants deny them.

103. The allegations in Paragraph 103 characterize the 2015 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2015 Rule, Federal Defendants deny them.

104. The allegations in Paragraph 104 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2020 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2020 Rule, Federal Defendants deny them.

105. The allegations in Paragraph 105 are legal conclusions to which no response is required.

106. Federal Defendants incorporate by reference their responses to every statement and allegation contained in Paragraphs 1 through 105 herein.

107. The allegations in Paragraph 107 contain legal conclusions to which no response is required, and characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the Act, Federal Defendants deny them.

Answer to Complaint
2:20-CV-0950-JCC

14

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

108. The allegations in Paragraph 108 contain legal conclusions to which no response is required, and characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

109. The allegations in Paragraph 109 contain legal conclusions to which no response is required, and characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

110. The allegations in Paragraph 110 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

111. The allegations in Paragraph 111 contain statements of opinion and legal conclusions to which no response is required, and characterize the 2019 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2019 Rule, Federal Defendants deny them.

The Federal Defendants deny that Plaintiffs are entitled to the relief included in the "Request for Relief" set forth at page 28 of the Complaint.

## GENERAL DENIAL

To the extent any factual allegation in the Complaint has not been admitted or specifically responded to, Federal Defendants deny such allegation.

Federal Defendants reserve the right to raise any defense—including but limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12—that may be supported by the record in this action.

Respectfully submitted this 4th day of September, 2020.

Answer to Complaint
2:20-CV-0950-JCC

15

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

/s/ *Hubert T. Lee*

HUBERT T. LEE
SONYA J. SHEA
*Trial Attorneys*
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-1806 (Lee)
(303) 844-7231 (Shea)
Hubert.lee@usdoj.gov
Sonya.Shea@usdoj.gov

COUNSEL FOR DEFENDANTS

Answer to Complaint
2:20-CV-0950-JCC

16

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2020, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ *Hubert T. Lee*

Hubert T. Lee

Answer to Complaint
2:20-CV-0950-JCC

17

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806