The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, IDAHO CONSERVATION LEAGUE, SIERRA CLUB, and MI FAMILIA VOTA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants,<br><br>and,<br><br>AMERICAN FOREST & PAPER ASSOCIATION, AMERICAN PETROLEUM INSTITUTE, and NATIONAL MINING ASSOCIATION, NATIONAL STONE, SAND, & GRAVEL ASSOCIATION,<br><br>Intervenor-Defendants. | No. 2:20-CV-0950-JCC<br><br>JOINT STATUS REPORT AND STIPULATED MOTION TO FURTHER STAY PROCEEDING<br><br><br>NOTE ON MOTION CALENDAR:<br>March 30, 2022 |

Joint Status Report and Stipulated Motion to Further Stay Proceeding
2:20-CV-0950-JCC

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

i

Pursuant to Local Rules 7(d)(1) and 10(g) and in accordance with this Court's Order, Dkt. No. 54 (September 29, 2021), Plaintiff, Defendants ("the Agencies"),[1] and Intervenor-Defendants hereby submit this joint status report and jointly propose that the case remain in abeyance pending issuance by the Agencies of a final rule regarding the definition of "waters of the United States" within the meaning of the Clean Water Act, 33 U.S.C. § 1362(7), or a determination by the Agencies that they will no longer proceed with the rulemaking. The Parties have good cause for this request:

## PROCEDURAL BACKGROUND

1. In this proceeding, Plaintiffs are challenging two rules promulgated by the Agencies that define the phrase "waters of the United States" in Section 1362(7) of the Clean Water Act: The Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("2020 Rule"), and the Definition of "Waters of the United States" - Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule").

2. Plaintiffs initiated this lawsuit on June 22, 2020, challenging the 2020 and 2019 Rules. Dkt. No. 1. Plaintiffs specifically seek to vacate and set aside the 2020 Rule and 2019 Rule, while reinstating nearly all of the 2015 Rule. *See id.* at "Requested Relief."

3. On September 24, 2020, Plaintiffs amended their complaint, adding additional challenges against the 2020 Rule. Dkt. No. 40.

4. On August 27, 2020, the Agencies filed a motion to consolidate this case with *Washington Cattlemen's Association v. United States Environmental Protection Agency, et al.* (2:19-CV-0596-JCC). *See* Dkt. No. 31 (noticing to the Court and the parties that the Agencies

---

[1] EPA Administrator Michael Regan and Acting Assistant Secretary of the Army for Civil Works Jaime Pinkham are automatically substituted for their predecessors in office pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Joint Status Report and Stipulated Motion to Further
Stay Proceeding
2:20-CV-0950-JCC

1

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

1 │ had filed a motion to consolidate this case with *Washington Cattlemen's Association v. United States Environmental Protection Agency, et al.* (2:19-CV-0596-JCC) (Dkt. No. 87)). That motion is still pending.

5. On August 20, 2020, third-party Patagonia Works filed a motion to intervene on behalf of Plaintiffs in this proceeding. Dkt. No. 21. The Agencies opposed Patagonia Works' motion to intervene. Dkt. No. 35. This motion is also still pending.

6. There are no other outstanding motions or deadlines before the Court in this matter.

## REGULATORY BACKGROUND

7. On January 20, 2021, President Biden issued an Executive Order entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021) ("EO 13990"). In conformance with the Executive Order, the Agencies began reviewing a number of regulations promulgated in the last four years, including the 2020 Rule at issue in this case.

8. In light of this directive, on February 5, 2021, the Parties filed a stipulated motion to stay the proceeding for 90 days to accommodate the Agencies' review of the 2020 Rule. Dkt. No. 46. The Court granted the motion on February 8, 2021, staying the case until May 1, 2021. Dkt. No. 47.

9. On April 29, 2021, the Parties filed another stipulated motion to continue the stay until July 1, 2021; the motion was granted on May 24, 2021. Dkt. Nos. 49, 50.

10. On June 9, 2021, the Agencies issued a press release stating that, after reviewing the 2020 Rule, they have decided to initiate new rulemaking to revise the definition of "waters of the United States." *See* https://www.epa.gov/newsreleases/epa-army-announce-intent-revise-definition-wotus (last accessed March 29, 2022). In light of this new rulemaking, on July 1, 2021, the Parties again stipulated to continue the stay in this proceeding until October 1, 2021; the motion was granted on July 6, 2021. Dkt. Nos. 51, 52. On September 24, 2021, the Parties filed

Joint Status Report and Stipulated Motion to Further
Stay Proceeding
2:20-CV-0950-JCC

2

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

another motion to continue the stay in this proceeding until April 1, 2022. Dkt. No. 53. This motion was granted on September 29, 2021. Dkt. No. 54.

### RECENT DEVELOPMENTS

11. There have been a number of developments regarding both the rulemaking process and litigation in other courts with respect to the 2020 Rule.

12. On December 7, 2021, the Agencies issued a proposed rule entitled "Revised Definition of 'Waters of the United States.'" 86 Fed. Reg. 69,372 (Dec. 7, 2021). The comment period closed on February 7, 2022.

13. Following the Agencies' review of the 2020 Rule pursuant to Executive Order 13990, the Agencies moved to remand the 2020 Rule in a number of courts where litigation challenging the rule was pending. Although the Agencies asked for remand without vacatur, two courts remanded the 2020 Rule with vacatur. *See Pascua Yaqui Tribe v. EPA*, No. 4:20-cv-00266, 2021 WL 3855977, at *6 (D. Ariz. Aug. 30, 2021); *Navajo Nation v. Regan*, No. 2:20-cv-602, 2021 WL 4430466, at *5 (D.N.M. Sept. 27, 2021). As a result of those orders, "the agencies have halted implementation of the 2020 Rule and are interpreting 'waters of the United States' consistent with the pre-2015 regulatory regime until further notice." *See* U.S. EPA, *Current Implementation of Waters of the United States*, https://www.epa.gov/wotus/current-implementation-waters-united-states (last accessed March 13, 2022). The Agencies have not appealed the orders.

14. On October 25, 2021, intervenors in *Pascua Yaqui Tribe* filed a notice of appeal and moved to stay the Arizona district court's order pending their appeal. *See Pascua Yaqui Tribe v. EPA*, No. 4:20-cv00266 (D. Ariz.) Dkt. Nos. 104-106; *see also Pascua Yaqui Tribe v. Ariz. Rock Prods. Assoc.*, No. 21-16791 (9th Cir.). The intervenors, however, subsequently moved to voluntarily dismiss their appeal, which was granted on February 3, 2022. *See Pascua Yaqui Tribe v. Ariz. Rock Prods. Assoc.*, No. 21-16791 (9th Cir.). Dkt. No. 23.

Joint Status Report and Stipulated Motion to Further
Stay Proceeding
2:20-CV-0950-JCC

3

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

15. Several other district courts have remanded the 2020 Rule either without vacatur or without addressing vacatur. *See, e.g.*, Order at 4, *Pueblo of Laguna v. Regan*, No. 1:21-cv-00277 (D.N.M. Sept. 21, 2021), Dkt. No. 40 (declining to reach issue of vacatur in light of the *Pascua* decision); Order, *California v. Regan*, No. 3:20-cv-03005 (N.D. Cal. Sept. 16, 2021), Dkt. No. 271 (same); Order at 1, *Waterkeeper All. v. Regan*, No. 3:18-cv-03521 (N.D. Cal. Sept. 16, 2021), Dkt. No. 125 (same); Order at 2, *Conservation L. Found. v. EPA*, No. 1:20-cv-10820, (D. Mass. Sept. 1, 2021), Dkt. No. 122 (same); Order, *S.C. Coastal Conservation League v. Regan*, No. 2:20-cv-01687 (D.S.C. July 15, 2021), Dkt. No. 147 (remanding without vacating); Order, *Murray v. Regan*, No. 1:19-cv- 01498 (N.D.N.Y. Sept. 7, 2021), Dkt. No. 46 (same).

## **JOINT PROPOSAL TO GOVERN THIS PROCEEDING**

16. Because many courts have already addressed the substance of the Agencies' motion for remand, and the Agencies are no longer applying the 2020 Rule, continuing to litigate this case at this time does not serve the interest of judicial economy.

17. Indeed, multiple courts have stayed related litigation challenging the 2020 Rule, as well as litigation challenging the 2019 Rule. *See, e.g.*, Minute Order, *State of Colorado v. E.P.A.*, No. 1:20-cv-01461-WJM-NRN (D. Colo. Jan. 18, 2022) (holding case in abeyance until the Agencies publish a final rule defining "waters of the United States" or decide not to do so); Order, *Chesapeake Bay Found., Inc. v. Wheeler*, No. 20-cv-1063 (D. Md. Nov. 29, 2021), Dkt. No. 63 (same); Minute Order, *Env't Integrity Project v. Regan*, No. 1:20-cv-01734 (D.D.C. Oct. 30, 2021) (holding case in abeyance through April 29, 2022); Order at 9, *Or. Cattlemen's Ass'n v. EPA*, No. 3:19-cv-00564 (D. Or. March 25, 2022), Dkt. No. 127 (continuing stay of claims against 2020 Rule and 2015 Rule until new rule is published or until the Agencies decide to no longer pursue new rulemaking); Order at 2, *Wash. Cattlemen's Ass'n v. EPA*, No. 2:19-cv-00569 (W.D. Wash. Sept. 29, 2021), Dkt. No. 107 (continuing stay of claims against 2020 Rule, 2019 Rule, and 2015 Rule); Order at 2, *N.M. Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-00988 (D.N.M. March 29, 2022), Dkt. No. 75 (continuing stay of claims against 2020 Rule and 2019

Joint Status Report and Stipulated Motion to Further Stay Proceeding
2:20-CV-0950-JCC

4

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

Rule until new rule is published or until the Agencies decide to no longer pursue new rulemaking); *see also* Order at 3, *Pascua Yaqui Tribe v. EPA*, No. 4:20-cv-00266 (D. Ariz. Dec. 6, 2021), Dkt. No. 116 (staying challenge to 2019 Rule until the Agencies publish a final rule defining "waters of the United States" or decide not to do so); Order at 1, *Navajo Nation v. Regan*, No. 2:20-cv-00602 (D.N.M. Oct. 28, 2021), Dkt. No. 45 (same).

18. Accordingly, the Parties jointly propose that the case remain in abeyance pending issuance by the Agencies of a final rule regarding the definition of "waters of the United States" within the meaning of the Clean Water Act, 33 U.S.C. § 1362(7), or a determination by the Agencies that they will no longer proceed with the rulemaking. The Parties further propose to file a proposal or proposals for further proceedings within 21 days after either event occurs.

19. The Agencies will also file a status report every six months beginning from the date this Court issues its order regarding this motion.

Dated: March 30, 2022                                Respectfully submitted,

/s/ *Hubert T. Lee*

HUBERT T. LEE
SONYA J. SHEA
*Trial Attorneys*
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-1806 (Lee)
(303) 844-7231 (Shea)
Hubert.lee@usdoj.gov
Sonya.Shea@usdoj.gov

COUNSEL FOR DEFENDANTS

/s/ *Janette K. Brimmer*
JANETTE K. BRIMMER
Earthjustice Northwest Office
705 2nd Ave., Suite 203
Seattle, WA 98104

Joint Status Report and Stipulated Motion to Further
Stay Proceeding
2:20-CV-0950-JCC

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

5

Telephone: (206) 343-7340
Email: jbrimmer@earthjustie.org

COUNSEL FOR PLAINTIFFS

/s/ *James A. Tupper, Jr.*
TUPPER MACK WELLS PLLC
James A. Tupper, Jr., WSBA No. 16873 2025 First Avenue, Suite 1100
Seattle, WA 98121
(206) 493-2300
tupper@tmw-law.com

MAYER BROWN LLP
Timothy S. Bishop*
Colleen M. Campbell*
1999 K Street NW
Washington, DC 20006
(202) 263-3000
tbishop@mayerbrown.com
ccampbell@mayerbrown.com

Brett E. Legner*
71 S. Wacker Drive Chicago, IL 60606
Telephone: (312) 701 7829 Facsimile: (312) 706 8607
blegner@mayerbrown.com

COUNSEL FOR INTERVENOR-DEFENDANTS
*Pro hac vice*

Joint Status Report and Stipulated Motion to Further Stay Proceeding
2:20-CV-0950-JCC

6

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

1  **[Proposed] Order**

2  It is ORDERED that the above-captioned proceeding remain in abeyance pending
3  either issuance by the Agencies of a final rule regarding the definition of "waters of the United
4  States" within the meaning of the Clean Water Act, 33 U.S.C. § 1362(7), or a determination by
5  the Agencies that they will no longer proceed with the rulemaking.

6  It is further ORDERED that the Parties shall file a proposal or proposals for further
7  proceedings within 21 days after either of the above events occur.

8  It is further ORDERED that the Agencies will file a status report every six months
9  beginning from the date of this Court's order granting this proposal to govern proceedings.
10 IT IS SO ORDERED.

_____

Hon. John C. Coughenour
UNITED STATES DISTRICT JUDGE

Joint Status Report and Stipulated Motion to Further
Stay Proceeding
2:20-CV-0950-JCC

7

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2022, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ *Hubert T. Lee*

Hubert T. Lee

Joint Status Report and Stipulated Motion to Further Stay Proceeding
2:20-CV-0950-JCC

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

8